1
2
3
4
5
6
7

8              **UNITED STATES DISTRICT COURT**

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   JOE TAMAYO,                          1:07-cv-01704 AWI SMS HC

12                    Petitioner,         FINDINGS AND RECOMMENDATION
                                          REGARDING PETITION FOR WRIT OF
13        v.                              HABEAS CORPUS

14   PAT VASQUEZ,                         [Doc. 1]

15                    Respondent.
                                    /
16

17        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.

19                              BACKGROUND

20        Petitioner is currently in the custody of the California Department of Corrections and

21   Rehabilitation ("CDCR") following a conviction in the San Bernardino County Superior Court

22   for assault, false imprisonment, grand theft person, kidnaping, and murder.  (Exhibit 1, Abstract

23   of Judgment, attached to Answer.)  Petitioner is serving an indeterminate term of imprisonment.

24   (Id.)

25        In the instant petition, Petitioner does not challenge the propriety of his conviction; rather,

26   he challenges a disciplinary action in which he was found guilty of a rules violation on March 29,

27   2005, for participating in an unlawful assembly/strike.  He contends that there was insufficient

28   evidence to support the finding of guilt.

                                          1

1    Petitioner challenged his guilty finding by filing an administrative appeal.  (Exhibit 3,

2    attached to Answer.)  The informal and first formal levels of review were bypassed.  (Id.)  The

3    second level affirmed the results of the disciplinary hearing and found that the Senior Hearing

4    Officer's ("SHO") decision was supported by a preponderance of the evidence.  (Id.)  The third

5    and final level of review also affirmed the finding of guilt.  (Id.)

6         Thereafter, Petitioner filed a petition for writ of habeas corpus in the Kern County

7    Superior Court contending there was no evidence to support his finding of guilty, and other

8    inmates were properly found not guilty.  (Exhibit 4, attached to Answer.)  The petition was

9    denied in a reasoned decision.  (Id.)

10        Petitioner next filed a petition in the California Court of Appeal raising the same

11   arguments raised in the prior petition.  (Exhibit 5, attached to Answer.)  The petition was

12   summarily denied.  (Id.)

13         Lastly, Petitioner filed a petition in the California Supreme Court, which was also

14   summarily denied. (Exhibit 6, attached to Answer.)

15        Petitioner filed the instant petition for writ of habeas corpus on November 26, 2007.

16   (Court Doc. 1.)  Respondent filed an answer to the petition on March 17, 2008.  Petitioner filed a

17   traverse on May 21, 2008.  (Court Docs. 8, 11.)

18                                           DISCUSSION

19   A.    Jurisdiction

20        Relief by way of a petition for writ of habeas corpus extends to a person in custody

21   pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or

22   treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor,

23   529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed

24   by the U.S. Constitution. Petitioner's claims for relief arise out of a disciplinary hearing at Wasco

25   State Prison, California, which is located within the jurisdiction of this Court. 28 U.S.C.

26   §§ 2254(a), 2241(d). If a constitutional violation has resulted in the loss of time credits, such

27   violation affects the duration of a sentence, and the violation may be remedied by way of a

28   petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

2

1   B.      Standard of Review

2          This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

3   custody pursuant to the judgment of a State court only on the ground that he is in custody in

4   violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

5          The AEDPA altered the standard of review that a federal habeas court must apply with

6   respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.

7   Taylor, 529 U.S. 362 (2000). Under the AEDPA, an application for writ of habeas corpus will

8   not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

9   involved an unreasonable application of, clearly established Federal law, as determined by the

10  Supreme Court of the United States;" or "resulted in a decision that was based on an

11  unreasonable determination of the facts in light of the evidence presented in the State Court

12  proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166 (2003), *disapproving the*

13  *Ninth Circuit's approach in* Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000); Williams, 529

14  U.S. 362. "A federal habeas court may not issue the writ simply because that court concludes in

15  its independent judgment that the relevant state court decision applied clearly established federal

16  law erroneously or incorrectly." Lockyer, 123 S.Ct. at 1175 (citations omitted). "Rather, that

17  application must be objectively unreasonable." Id. (citations omitted).

18         The state court's factual determinations must be presumed correct, and the federal court

19  must accept all factual findings made by the state court unless the petitioner can rebut "the

20  presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v.

21  Elem, 514 U.S. 765 (1995); Thompson v. Keohane, 516 U.S. 99 (1995); Langford v. Day, 110

22  F.3d 1380, 1388 (9th Cir. 1997).

23         Even though Petitioner is not challenging the underlying state court conviction, 28 U.S.C. § 2254

24  remains the exclusive vehicle for his habeas petition because he meets the threshold requirement of being

25  in custody pursuant to a state court judgment. Sass v. California Board of Prison Terms, 461 F.3d 1123,

26  1126-1127 (9th Cir.2006), *citing* White v. Lambert, 370 F.3d 1002, 1006 (9th Cir.2004) ("Section 2254 'is

27  the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court

28  judgment, even when the petitioner is not challenging his underlying state court conviction.'").

1    Because the California Supreme Court's opinion is summary in nature, however, this

2  Court "looks through" that decision and presumes it adopted the reasoning of the San Bernardino

3  County Superior Court, the last state court to have issued a reasoned opinion. See Ylst v.

4  Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991)

5  (establishing, on habeas review, "look through" presumption that higher court agrees with lower

6  court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson,

7  217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court

8  opinion in determining whether state court's rejection of petitioner's claims was contrary to or an

9  unreasonable application of federal law under § 2254(d)(1)).

10 C.    Review of Petition

11   Petitioner contends that there was no evidence to support the SHO's finding that he was

12 guilty of participation in an unlawful assembly/strike.

13   On March 8, 2005, Petitioner was issued an Rules Violation Report ("RVR"), by

14 correctional lieutenant T. Berry who observed Petitioner actively participate in an unlawful

15 assembly/strike by sitting down with several other inmates in the Facility A dining room.

16 (Exhibit 2.)   During the incident, Petitioner repeatedly ignored staff's orders to return to his cell,

17 which caused disruption of the normal program of Facility A.  (Id.)

18   On March 29, 2005, a hearing was held before SHO S.J. Alva.  Petitioner requested the

19 assistance of an investigative employee, but the request was denied pursuant to California Code of

20 Regulations title 15, section 3315(d)(1), as the issues were not complex.  (Id.)  In addition, Petitioner

21 requested inmate witnesses, but his request was denied because he could not identify them.  (Id.)

22 Petitioner did not request staff witnesses. (Id.)  In response to the charges, Petitioner pled not guilty and

23 stated, "I was sitting in the chow down.  I didn't hear anybody say anything.  If I would have heard them

24 say for my row to leave I would have left.  I was going to go to work."  (Id.)

25    After reviewing the RVR and crime incident report and considering Petitioner's defense,

26 the SHO found Petitioner guilty of violating California Code of Regulations title 15, section

27 2005(a), participation in an unlawful assembly/strike.  (Id.)  Petitioner was assessed a ninety-day

28 credit forfeiture.  (Id.)

1   It appears that Respondent initially argues that Petitioner's claim does not challenge the

2   "legality or duration" of his confinement.  (Answer, at 5-6.)  However, because Petitioner lost

3   ninety (90) days of custody credits, the duration of his confinement was undoubtedly lengthened.

4   Simply stated, relief by way of § 2254 is available because if Petitioner were to succeed in having

5   his rules violation report expunged, he would be restored 90-days good-time credit, thereby

6   shortening his time for release.  Preiser v. Rodriguez, 411 U.S. 475, 488-489 (1973) (a writ of

7   habeas corpus "is the exclusive remedy for a state prisoner who challenges the fact or duration of

8   his confinement."); see also Young v. Kenny, 907 F.2d at 876-78 .

9   In denying Petitioner's state petition for writ of habeas corpus, the superior court found

10  there was "some evidence" to support the SHO's finding of guilt.  As pointed out by the superior

11  court, the SHO considered the fact that correctional lieutenant Berry observed Petitioner actively

12  participate in the unlawful assembly/strike, and he repeatedly refused staff's orders to return to

13  his cell.  Specifically, the Crime/Incident Report noted that on the day in question, Inmate

14  Brown, the Men's Advisory Council President, announced that the inmates seated in the Facility

15  A dining room were refusing to leave.  (Exhibit 2, at 4.)  Petitioner was positively identified as

16  one of the inmates among those in the Facility A dining room.  (Id. at 8.)  As noted in the second

17  level administrative appeal response, Lieutenant T. Berry stated that he "told Officer Riley to

18  give a verbal order to all inmates to exit the dining hall.  The order was directed at all inmates,

19  regardless of where they were sitting in the dining room.  I personally heard Officer Riley give no

20  less than two verbal orders for all inmates to get up from their seats, leave the area and return to

21  their cells."  (Exhibit 3, at 5.)[1]  In addition, Berry stated that inmates had approximately 30

22  minutes after the orders were issued to leave the dining room before being escorted out by

23  officers.  (Id.)  Moreover, Officer Riley was interviewed regarding the incident involving

24  Petitioner, and Riley stated that "he first ordered the first row of inmates only to leave the dining

25  room and they refused.  He then contacted Sergeant Gomez who arrived and loudly ordered all

26  inmates to leave the dining room, to no avail.  He stated that Lieutenant Berry then arrived in the

27

28      [1] Because the pages to the exhibits 3 through 7 were filed together and are not individually numbered, the
Court will refer to the page numbers as reflected on the Court's Case Management Electronic Case Filing System.

1  dining room and directed him to verbally order all inmates to exit the dining room.  Officer Riley

2  stated that he loudly ordered all inmates to leave the dining room twice more and no inmates left

3  upon his orders.  Staff subsequently placed the inmates in handcuffs and escorted them from the

4  dining room about 30 minutes later." (Id. at 5-6.)  The superior court's decision that there was

5  "some evidence" to support the SHO's finding of guilt, did not result in a decision that was

6  contrary to, or involved an unreasonable application of, clearly established Federal law, as

7  determined by the Supreme Court of the United States, nor was it based on an unreasonable

8  determination of the facts in light of the evidence before the state court.

9                                          RECOMMENDATION

10        Based on the foregoing, it is HEREBY RECOMMENDED that:

11        1.      The instant petition for writ of habeas corpus be DENIED; and,

12        2.      The Clerk of Court be directed to enter judgment in favor of Respondent.

13        This Findings and Recommendation is submitted to the assigned United States District

14  Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local

15  Rules of Practice for the United States District Court, Eastern District of California.  Within

16  thirty (30) days after being served with a copy, any party may file written objections with the

17  court and serve a copy on all parties.  Such a document should be captioned "Objections to

18  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served

19  and filed within ten (10) court days (plus three days if served by mail) after service of the

20  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

21  § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

22  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

23  Cir. 1991).

24  IT IS SO ORDERED.

25  **Dated:   September 16, 2008**                    /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE

26

27

28

                                                    6