# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOE TAMAYO, | ) | 07-CV-1704 AWI SMS HC |
|     Petitioner, | ) | ORDER DENYING CERTIFICATE |
| v. | ) | OF APPEALABILITY |
| PAT VASQUEZ, Warden | ) | ORDER DIRECTING CLERK OF THE COURT TO SERVE A COPY |
|     Respondent. | ) | OF THIS ORDER ON THE NINTH CIRCUIT |

Petitioner Joe Tamayo, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On December 16, 2008, the court adopted the Magistrate Judge's Findings and Recommendations and denied the petition.  On January 5, 2009, Petitioner filed a notice of appeal, and the Clerk of the Court processed the appeal and transmitted the record to the Ninth Circuit.[1]

On June 25, 2009, the Ninth Circuit remanded this action back to this court for the limited purpose of granting or denying a certificate of appealability.

---

[1] The court did not originally issue on order an whether a certificate of appealability should be granted because a certificate of appealability is often unnecessary if the petition arises out of an administrative process rather than a state conviction.  See Rosas v. Nielsen, 428 F.3d 1229 (9th Cir. 2005); White v. Lambert, 370 F.3d 1002 (9th Cir. 2004).

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>   (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If the court denies a Petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327;  Slack v. McDaniel, 529 U.S. 473, 484 (2000). While Petitioner, is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 337-38.

In this case, jurists of reason would not disagree with the district court's denial of the petition.   Petitioner claims that there was insufficient evidence to find him guilty during a prison disciplinary hearing for participating in an unlawful assembly/strike.   Reasonably jurists would not disagree with this court's finding that there was some evidence to support the prison's finding.

//

Accordingly, it is HEREBY ORDERED that:

1. No certificate of appealability SHALL BE ISSUED and
2. The Clerk of the Court is DIRECTED to serve a copy of this order on the Ninth Circuit.

IT IS SO ORDERED.

Dated:   July 6, 2009                              /s/ Anthony W. Ishii
                                        CHIEF UNITED STATES DISTRICT JUDGE